IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAKNITA WILEY, | § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-12-1087 |
| | § | |
| WELLS FARGO BANK, N.A., | § § | |
| Defendant. | § § | |

**ORDER**

This court previously granted the defendant's motion for summary judgment for the reasons as stated on the record in open court on August 3, 2012. (Docket Entry No. 12). This court thereafter memorialized the ruling in a separate order dated August 7. (Docket Entry No. 14). It did not, however, enter a separate order of final judgment. *See* FED. R. CIV. P. 58.

The plaintiff has moved for reconsideration of this court's order granting summary judgment. (Docket Entry No. 15). A motion to reconsider is appropriately considered under Federal Rule of Civil Procedure 59(e), which allows for "[a] motion to alter or amend a judgment [that is] filed no later than 28 days after the entry of the judgment." Relief under this rule is difficult to obtain. As the Fifth Circuit explains:

> A Rule 59(e) motion—which asks the court to set aside its previous judgment—"serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."

*Ewans v. Wells Fargo Bank, N.A.*, 389 F. App'x 383, 389–90 (5th Cir. 2010) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)); *accord* 11 CHARLES ALAN WRIGHT, ET AL.,

FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124–26 (2d ed. 1995). Such a motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued" or "to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

The plaintiff's motion for reconsideration is based on the same argument raised in the plaintiff's response to the motion for summary judgment—namely, that Wells Fargo lacked authority to foreclose. This court considered and rejected that argument for the reasons as stated on the record during the August 3 hearing. The plaintiff is not entitled has demonstrated no manifest errors of law in the court's previous ruling, let alone any errors of law.

The motion for reconsideration, (Docket Entry No. 15), is denied. Final judgment is entered by separate order.

SIGNED on August 24, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge